IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARY THOMAS DOWELL, | : | |
|     Plaintiff | : | No. 1:16-cv-02026 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| | : | (Chief Magistrate Judge Schwab) |
| BAYVIEW LOAN SERVICES, LLC, | : | |
| et al., | : | |
|     Defendants | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is: Chief Magistrate Judge Schwab's May 4, 2017 Report and Recommendation (Doc. No. 28), addressing three pending motions to dismiss filed by Defendants Phelan, Hallinan, Diamond & Jones, LLP and Mario J. Hanyon ("the Phelan Defendants") (Doc. No. 9), Bayview Loan Servicing, LLC ("Bayview") (Doc. No. 12), and Wells Fargo, N.A. ("Wells Fargo") (Doc. No. 17); Defendants' objections to the Report and Recommendation (Doc. Nos. 32, 35, 37); Plaintiff Zachary Thomas Dowell's response to Defendants' objections (Doc. No. 44); and Plaintiff's motion for professional examination (Doc. No. 41).

In her Report and Recommendation, Chief Magistrate Judge Schwab recommends: (1) granting Defendants' motions to dismiss Plaintiff's request for an injunction staying the relevant state court foreclosure proceedings; (2) granting Defendants' motions to dismiss Plaintiff's 42 U.S.C. § 1983 claims; (3) granting Defendants' motions to dismiss Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims to the extent those claims are not based on the filing of the motion for summary judgment in the state court foreclosure action ("the MSJ"), but denying the motions to dismiss Plaintiff's FDCPA claims to the extent those claims are based on

1

the filing of the MSJ; and (4) denying the motions to dismiss Plaintiff's Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") claims. (Doc. No. 28 at 64-65.)

Defendants have filed lengthy objections to the Report and Recommendation. (Doc. Nos. 32, 35, 37.) With regard to Plaintiff's FCEUA claims, Wells Fargo and Bayview argue that Plaintiff's FCEUA claims should be dismissed because the debt on which the claims are based is a purchase money mortgage, and the FCEUA prohibits claims based on such mortgages. (Doc. Nos. 32 ¶¶ 3-7, 35-1 at 10-11.) In addition, the Phelan Defendants argue that the FCEUA does not apply to them because they are not debt collectors. (Doc. No. 38 at 2-3.)

With regard to the FDCPA claims, Bayview and the Phelan Defendants argue that all FDCPA claims should be dismissed due to the FDCPA's one year statute of limitations. They posit that the alleged fraudulent actions surrounding the filing of the MSJ are not independent violations of the FDCPA that toll the statute of limitations. (Doc. Nos. 35-1 at 3-10, 38 at 3-9.) In addition, two Defendants request clarifying orders relating to Chief Magistrate Judge Schwab's FDCPA recommendations. Specifically, Wells Fargo requests clarification that all FDCPA claims against Wells Fargo will be dismissed with prejudice because Wells Fargo was no longer a party to the state court foreclosure action at the time the MSJ was filed. (Doc. No. 32 ¶¶ 1-2.) The Phelan Defendants request clarification as to which FDCPA claims will remain in the event this Court adopts Chief Magistrate Judge Schwab's recommendation to dismiss the FDCPA claims that are not based on the filing of the MSJ. (Doc. No. 38 at 21-22).

Finally, Defendants object to the Report and Recommendation on a number of miscellaneous grounds. Among those objections, Bayview argues that Chief Magistrate Judge Schwab erred in her application of the <u>Younger</u> doctrine, and asserts that the Court should abstain from or stay this litigation because it involves court orders that are "uniquely in

furtherance of the state court's ability to perform its judicial functions." (Doc. No. 35-1 at 11-15.)  The Phelan Defendants also argue (1) that Plaintiff's claims are implausible and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) that Plaintiff is estopped from arguing that the mortgage and promissory note are fraudulent; (3) that the motions to dismiss should have been converted into motions for summary judgment pursuant to Federal Rule of Civil Procedure 12(d); and (4) that Plaintiff does not plead fraud with specificity as required by Federal Rule of Civil Procedure 9(b).  (Doc. No. 38 at 9-21.)

Having thoroughly reviewed these objections, this Court finds that Chief Magistrate Judge Schwab correctly and comprehensively addressed the substance of Defendants' objections in the Report and Recommendation.  In addition, this Court declines to address the new arguments that the Phelan Defendants raise in their objections but failed to raise before Chief Magistrate Judge Schwab in their motion to dismiss.[1]  The Court will, however, clarify the Chief

---

[1] Generally, "interests of judicial economy weigh against allowing a party to raise a new issue in objection to a Magistrate Judge's report and recommendation that was not raised before the Magistrate Judge."  Witmer v. Gallagher & Co., No. 1:08-cv-1329, 2009 WL 904877, at * 3 (M.D. Pa. Mar. 31, 2009) (citing Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearse if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.  In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.")); Hubbard v. Pleasant Valley Sch. Dist., No. 3:cv-03-0797, 2006 WL 42093, at * 7 (M.D. Pa. Jan. 6, 2006) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Breeden v. Eckard, No. 14-6832, 2016 WL 1106893, at * 5-6 (E.D. Pa. Mar. 22, 2016) ("The court does not find that the interests of justice warrant[] consideration of this belatedly-raised evidence and issue when the petitioner had more-than ample time to raise it before [the] Magistrate Judge . . . .").  The new arguments raised by the Phelan Defendants in their objections, which include objections pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), could easily have been raised in their motion to dismiss.  In addition, the Court has considered these new objections and finds that they are meritless.  Therefore, the Court declines to further address these arguments.

3

Magistrate Judge's Report and Recommendation, as requested by Wells Fargo and the Phelan Defendants.

Wells Fargo requests an order stating that all FDCPA claims against Wells Fargo are dismissed with prejudice. (Doc. No. 32 ¶ 2.) Wells Fargo argues that when Chief Magistrate Judge Schwab recommended dismissal of all FDCPA claims except those based on alleged false statements made in the MSJ, the result was that all FDCPA claims against Wells Fargo were recommended for dismissal, because when the MSJ was filed in the foreclosure proceeding, Wells Fargo was no longer a party or the mortgage-holder. (Id.) The Court agrees. In the Complaint, Plaintiff admits that Wells Fargo "mysteriously assigned [the mortgage] to [Bayview] on/or about July 29, 2016 . . . ."[2] (Doc. No. 1 ¶ 21.) Plaintiff also admits that the MSJ was filed on September 15, 2016. (Id. ¶ 41.) Because the Report and Recommendation recommended dismissing those FDCPA claims that were not "based on the purported false statements in the summary judgment motion in the foreclosure action" (Doc. No. 28 at 53), and because Wells Fargo assigned the mortgage to Bayview before the MSJ was filed, the Court understands the Report and Recommendation to recommend that all FDCPA claims against Wells Fargo be dismissed with prejudice.

Regarding the Phelan Defendants' request for clarification (Doc. No. 38 at 21), according to the Report and Recommendation, all FCEUA claims survive dismissal, as well as all FDCPA claims that are based on the alleged false statements made in the MSJ. (Doc. No. 28 at 64-65.) Therefore, Count Six, which alleges violations of the FCEUA, survives dismissal. In addition,

---

[2] In one paragraph of the Complaint, Plaintiff alleges that one of the mortgage assignments was fraudulent. (Doc. No. 1 ¶ 76.) However, these allegations seem to be in reference to the assignment attached to Plaintiff's Complaint, which is a 2014 assignment from Mortgage Electronic Registration Systems, Inc. to Wells Fargo. (Doc. No. 1-2 at 20, 25.) Therefore, this Court does not construe the Complaint as alleging that Wells Fargo's assignment of the mortgage to Bayview was fraudulent.

4

Counts Two and Five, which allege violations of the FDCPA, survive dismissal to the extent they allege violations surrounding the filing of the MSJ. Counts One, Three, and Four are dismissed because they are completely based on actions that allegedly took place prior to the filing of the MSJ, and counts based on those actions are barred by the applicable statute of limitations. (Id. at 51-53.)

**ACCORDINGLY**, on this 25th day of September 2017, upon extensive review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 28), of Chief Magistrate Judge Schwab;

2. The Phelan Defendants, Bayview, and Wells Fargo's motions to dismiss (Doc. Nos. 9, 12, 17), are **GRANTED IN PART** and **DENIED IN PART**;

3. Defendants' motions to dismiss (Doc. Nos. 9, 12, 17), are **GRANTED** as follows:

    a. Plaintiff's request for an injunction is **DENIED**;

    b. Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**;

    c. Counts One, Three, and Four of Plaintiff's Complaint are **DISMISSED WITH PREJUDICE**;

4. Defendants' motions to dismiss (Doc. Nos. 9, 12, 17), are otherwise **DENIED**;[3]

5. Plaintiff's motion for professional examination (Doc. No. 41), is **DENIED**;[4] and

---

[3] Counts Two and Five are not dismissed to the extent they relate to the filing of the motion for summary judgment in the state court foreclosure proceeding. Moreover, Count Six is not dismissed.

[4] While this filing is certainly not a model of clarity, the Court construes Plaintiff's motion for a professional examination as a request to conduct discovery. Insofar as Plaintiff's motion seeks an order from the Court directing Defendants to produce for inspection certain documents in connection with the state court foreclosure action, this motion is improperly filed. Under the local rules, such requests for documents "shall be served upon other counsel and parties but shall not be filed with the court" unless authorized by the federal or local rules or by order of the Court. L. R. 5.4(b) (emphasis added). As Plaintiff has neither obtained authorization from the

6. This matter is recommitted to Chief Magistrate Judge Schwab to conduct further pretrial proceedings.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

Court to file this request for discovery, nor included a contemporaneous motion for relief under the Federal Rules of Civil Procedure with his request for a professional examination, the Court must deny Plaintiff's motion for a professional examination as improperly filed.